# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KAREN GAUCI, et al.**                                                                                **PLAINTIFFS**

**v.**                                                                       **CIVIL NO. 1:16cv95-HSO-JCG**

**HSBC BANK USA, NATIONAL ASSOCIATION, et al.**                     **DEFENDANTS**

### ORDER DENYING DEFENDANTS'
### MOTION TO DISMISS [3] PLAINTIFFS'
### COMPLAINT FOR DECLARATORY JUDGMENT

BEFORE THE COURT is Defendants HSBC Bank USA, N.A. as Trustee for SG Mortgage Securities Trust 2006-Opt2, Asset Backed Certificates Series ("HSBC") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively "Defendants") Motion to Dismiss [3] Plaintiffs Karen Gauci and Joseph Gauci's Complaint for Declaratory Judgment [1]. This Motion is fully briefed. For the reasons that follow, the Court finds that this Motion should denied.

## I.  BACKGROUND

This case arises out of a dispute over two Deeds of Trust executed by Plaintiffs Karen Gauci and Joseph Gauci ("Plaintiffs") and two Promissory Notes executed by Karen Gauci related to real property located at 229 Klondyke Road, Long Beach, Mississippi (the "Property"). Compl. [1] at 1-3. In 2012, the Property went into foreclosure, and Defendant HSBC purchased the Property for $214, 2012. Plaintiffs filed a previous lawsuit over the Property which was resolved when the parties entered into a Confidential Settlement and Release Agreement and the case

was dismissed in April 2014.[1]  *Id*. at 2-4.  Apparently, under the terms of the Settlement and Release Agreement, the loan agreements were modified and the original Deeds of Trust were reinstated.  *Id*. at 4.

On March 11, 2016, Plaintiffs filed their present Complaint[2] for Declaratory Judgment [1] against HSBC, the current holder of the Deeds of Trust, and Ocwen, the current "servicer/debt-collector," asking the Court, in part, to

> . . . determine whether defendants have breached their contractual and statutory duties under the executed loan agreements, have breached their duty to act in good faith in all transactions, have breached their fiduciary duty in the handling of the escrow account, and have engaged in unfair and deceptive consumer practices under State and Federal law in any of the following respects:
>
> (A)  By inaccurately and excessively billing the Gaucis for $9,337 worth of insurance that simply does not exist, *see e.g.* 12 U.S.C.A. § 2605(m); 12 U.S.C.A. § 2607;
>
> (B)  By charging late fees for checks received by Ocwen Loan Servicing before the agreed upon 15 day late period, but not cashing them until after the 15 day late period, *see e.g.* Miss. Code Ann. § 75-1-304 (requirement of good faith in all transactions), 15 U.S.C.A. § 1692f (requirement that a debt collector "not use unfair or unconscionable means to collect... a debt"), *and* 12 U.S.C.A § 5536;

---

[1]  *See* "*Karen Gauci and Joseph Gauci v. American Home Mortgage Servicing, Inc.; HSBC Bank USA, National Association; and Homeward Residential*," Civil No. 1:12cv391-LG-JMR, filed in the United States District Court for the Southern District of Mississippi, Southern Division.

[2]  Plaintiffs' Complaint had also asserted claims against Defendants HSBC USA, Inc., and Ocwen Financial Corporation, however those Defendants were dismissed without prejudice by stipulation on April 28, 2016.  *See* Stipulated Order Dismissing all Claims against Defendants HSBC USA, Inc., and Ocwen Financial Corporation Without Prejudice [23].

> (C) By charging late fees for failure to pay fees unauthorized by the loan agreement;
>
> (D) By providing inaccurate and/or incomplete billing information in response to the Gaucis' requests for clarification of their bills;
>
> (E) By mandating that Mr. Gauci sign a loan modification agreement when Mr. Gauci is not personally liable for the debt under the notes and deeds of trust;
>
> (F) By putting the Gaucis['] property into default status when the Gaucis have consistently made on-time payments and have not breached any of the terms of the loan agreement;
>
> (G) By charging unearned and unauthorized fees for default-related services, namely reinstatement of the loan;
>
> (H) By mismanaging the funds in the escrow account.

Compl. [1] at 6-7. Plaintiffs also allege in Paragraph II of the Complaint that "this declaratory judgment complaint touches upon the Federal Real Estate Procedures Act," citing to 12 USC § 2601, et seq. Compl. [1] at 2.

On April 4, 2016, Defendants filed their Motion to Dismiss [3] pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss [3] at 1-2. Defendants contend that the Court should decline to exercise "discretionary jurisdiction under 28 U.S.C. § 2201 and forgo a declaration of the rights of the parties" because "Plaintiffs are not entitled to an accounting under Mississippi law." Id.

Plaintiffs' Response [14] argues that discretionary dismissal "would be improper" in that an actual controversy is found on the face of the Complaint which

3

seeks to have this Court "(1) declare if the Defendants have breached their contractual, statutory, or fiduciary duties with respect to the alleged deficiencies with the Gaucis' mortgage, and (2) order a full accounting of the Gaucis' mortgage account."  Resp. in Opp'n [14] at 1-2.  Plaintiffs assert that an actual controversy exists as to whether Defendants mismanaged their escrow account in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA") at "28 USC § 2605, a federal law governing the management of escrow accounts by mortgage servicers on behalf of borrowers."  Mem. in Opp'n [15] at 10-13.  Plaintiffs further allege that even if "an accounting claim is unwarranted, dismissal of their accounting claim is not a proper basis for exercising discretion to dismiss an otherwise necessary complaint for declaratory judgment," citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000), and *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).  Mem. in Opp'n [15] at 3-8.

Defendants' Reply [22] maintains that Plaintiffs are not entitled to an accounting under Mississippi law and "Plaintiffs' claim for an accounting should be dismissed with prejudice."  Reply [22] at 1-2.  Defendants posit that although Plaintiffs' Response attempts to argue that they are entitled to an accounting under RESPA, Plaintiffs' Complaint "does not allege that any Defendant violated RESPA and therefore it cannot support their claim for a common-law accounting."  *Id*. at 3-4.  Defendants further assert that

> [w]hile "RESPA requires the servicer of a federally related mortgage loan to provide a timely written response to a 'qualified written request' from a borrower'", (sic) as set out in 12 U.S.C. § 2605(e), Plaintiffs' complaint does not allege that such request was even made. *Hopson v. Chase Home Fin. LLC*, No. 3:12CV505TSL–JMR, 2014 WL 1411811, at *6 (S.D. Miss. April 11, 2014). Any reliance on RESPA by the Plaintiffs in their [R]esponse in an attempt to maintain this action is misplaced because Plaintiffs have not submitted – nor alleged that they submitted – a qualified written request to a servicer, and because their complaint fails to satisfy RESPA's other pleading standards. Moreover, to the extent that the Plaintiffs seek to assert a claim under RESPA, such claim fails to satisfy the pleading standards to put the Defendants on notice of any such claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

*Id*. Defendants contend that because Plaintiffs have no "viable substantive claim against Defendants, their request for declaratory relief should also be dismissed." *Id*. at 4.

## II. DISCUSSION

A. <u>Relevant Legal Standard</u>

In considering a motion to dismiss under Rule 12(b)(6), the "[C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must plead "factual content that allows the court to draw the reasonable inference

5

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

> The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

*Id.* (footnote omitted).

B.   <u>Viewing the facts in the light most favorable to Plaintiffs, the allegations contained in their Complaint are arguably sufficient to put Defendants on notice that they were alleging a RESPA claim.</u>

In the present matter, the allegations contained in the Complaint are arguably sufficient to place Defendants on notice that Plaintiffs are asserting a claim under RESPA. The Complaint contains references to RESPA: (1) in Paragraph II citing 12 U.S.C. §2601, et seq.; and (2) in Paragraph XIII citing 12 U.S.C. §§ 2605(m) and 2607.   Compl. [1] at 2, 6.

6

The Complaint also appears to attempt to put Defendants on notice that Plaintiffs claim they submitted requests for information concerning their loan and received less than satisfactory responses from Defendants: (1) in Paragraph XI, Plaintiffs allege that "[f]rom a summary of charges provided in mid-2015, it appears that the Gaucis may have been charged twice for one $9,377.94 deduction for hazard insurance in November 2014 . . ."; and (2) in Paragraph XIII (D), Plaintiffs allege that Defendants provided inaccurate and/or incomplete billing information in response to the Gaucis' request for clarification of their bills." Compl. [1] at 5, 7. Further, Plaintiffs allege that due to Defendants' insufficient responses, they suffered damages culminating with the notice of foreclosure on the Property. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 242-43 (5th Cir. 2014) (finding that to state a viable claim under Section 2605(e), a plaintiff must plead that their correspondence met the requirements of a qualified written request, that the defendant made an insufficient response, and that this failure caused plaintiff damages).

Plaintiffs' Complaint also appears to attempt to put Defendants on notice that they were alleging RESPA claims for mismanagement of their escrow account in Paragraphs X, XI, and XIII (H). Compl. [1] at 5-7.

The Court has not located any Fifth Circuit opinions which speak directly to the Rule 8(a)(2) pleading requirements for a RESPA complaint to survive a motion to dismiss. This Court in *Teeuwissen v. Morgan Chase Bank, N.A.*, 902 F. Supp. 2d

7

826, 836 (S.D. Miss. 2011), held that a plaintiffs' RESPA claims would be dismissed because the plaintiffs had failed to allege that the loan at issue in their complaint was a "federally related mortgage loan," or to otherwise acknowledge or respond to defendant's motion to dismiss the RESPA claim.  *Id.*

And, as Defendants point out in their Reply [22], this Court held in *Hopson v. Chase Home Finance, LLC*, 14 F. Supp. 3d 774 (S.D. Miss. 2014), that to avoid dismissal of a RESPA claim that a lender violated Section 2605(e) by failing to properly respond to a "qualified written request," a plaintiff is required to plead that the correspondence met the requirements of a qualified written request, that defendant failed to timely respond, and that defendant's failure caused plaintiff "actual damages."  *Id.* at 786 (internal quotation and citation omitted); *see also Williams*, 560 F. App'x at 242-43.

Other district courts have dismissed RESPA claims if the complaint failed to assert that the mortgage loans at issue were "federally related mortgage loans" or granted the plaintiff leave to amend to make that assertion.  *See Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 934 (N.D. Tex. 2014) (dismissing the RESPA claim without prejudice and granting leave to amend complaint); *Neel v. Fannie Mae*, No. 1:12cv311, 2014 WL 977328, at *8 (S.D. Miss. Mar. 12, 2014) (dismissing RESPA claim after plaintiff failed to assert that the loan was a federally related mortgage loan having twice amended the complaint after being put on notice that defendant was relying on the lack of that assertion to have the claim dismissed);

8

*Loraso v. JP Morgan Chase Bank, NA*, No. 13-4734, 2013 WL 5755638, at *4, 8 (E.D. La. Oct. 23, 2013) (granting plaintiff leave to file an amended complaint to assert that the loan was a federally related mortgage loan even though the defendant had not argued that that the loan was not federally related); *Middleton v. Ameriquest Mortgage Co.*, No. 1:10cv146, 2010 WL 2653293, at *4 (S.D. Miss. June 24, 2010) (granting plaintiff leave to file a "proper RESPA claim" and assert that the loan was a "federally related mortgage loan").

The same issue exists as to whether Plaintiffs have adequately pleaded facts that they sent Defendants a "qualified written request," that Defendants' response was not adequate, and that Plaintiffs suffered damages as a result. *See Williams v. Wells Fargo Bank, N.A.,* 560 F. App'x 233, 241-42 (5th Cir. 2014).

Because it appears that the Fifth Circuit has not yet determined whether a RESPA complaint must contain language that the mortgage at issue was a federally related mortgage loan in order to satisfy the pleading requirement for a RESPA claim under Rule 8(a)(2), this Court finds that the more appropriate course is to grant Plaintiffs leave to amend their Complaint. *See Johnson*, 999 F. Supp. 2d at 934.

C.  <u>Defendants' Motion to Dismiss should be denied without prejudice to their right to re-urge, and Plaintiffs should be allowed to amend their Complaint.</u>

In determining whether to allow a plaintiff leave to amend a complaint under Federal Rule of Civil Procedure 15, as opposed to granting a motion to dismiss

9

under Rule 12, a court considers various factors, although there is a "presumption in favor of allowing amended pleadings." *Marcucci Sports, LLC v. NCAA*, 751 F.3d 368, 378-79 (5th Cir. 2014) (quotation omitted).

> "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotation marks omitted). Leave to amend is in no way automatic, but the district court must possess a "substantial reason" to deny a party's request for leave to amend. *Id.* (citation and internal quotation marks omitted). The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Id.* (citation omitted). "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal." *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (citation omitted).

*Id.* at 378.

Given the nature of the arguments presented by the parties, the Court is of the opinion that the more appropriate course at this juncture would be to permit Plaintiffs the opportunity to amend their Complaint. Granting Plaintiffs leave to amend their Complaint to more specifically allege their claims is not inconsistent with the appropriate standards under Rule 15.

### III.   CONCLUSION

The Court finds that Plaintiffs should be permitted the opportunity to amend their Complaint to state their claims against Defendants with greater particularity.

Defendants HSBC and Ocwen's Motion to Dismiss will be denied, without prejudice to their right to reassert the Motion following the filing of any amended complaint, or to answer or otherwise respond to Plaintiff's Complaint or Amended Complaint after Plaintiffs' March 17, 2017, deadline.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that Defendants HSBC Bank USA, N.A. as Trustee for SG Mortgage Securities Trust 2006-Opt2, Asset Backed Certificates Series and Ocwen Loan Servicing, LLC's Motion to Dismiss [3] is **DENIED WITHOUT PREJUDICE** to Defendants' right re-urge, or to answer or otherwise respond to Plaintiffs' Complaint or Amended Complaint.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Plaintiffs Karen Gauci and Joseph Gauci are granted leave to file an Amended Complaint. **Plaintiffs shall file any Amended Complaint on or before Friday, March 17, 2017.**

**SO ORDERED AND ADJUDGED**, this the 2nd of March, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

11